

FILED
May 19, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002645280

Mark D. Estle (CA Bar No. 135004)
THE ESTLE LAW FIRM
12520 High Bluff Drive, Suite 265
San Diego, California 92130
Telephone (858)720-0890
Facsimile (858)720-0092

Attorney for Movant LITTON LOAN SERVICING, LP AS SERVICING AGENT FOR HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE, UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF AUGUST 1, 2006, ACE SECURITIES CORP. HOME EQUITY TRUST, SERIES 2006-FMI, ASSET-BACKED PASS-THROUGH CERTIFICATES

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>JAMES EDWARD ABBOTT AND<br>YOLANDA CATHERINE ABBOTT,<br><br>Debtor(s). | Case No. 10-15002-A-7<br>Chapter 7<br>DC No. MDE-1<br><br>MOTION FOR RELIEF FROM AUTOMATIC STAY<br><br>Date: June 22, 2010<br>Time: 1:30 p.m.<br>Dept: A<br>Crtm: 11<br>Floor: 5th<br>Judge: RIMEL<br>Place: 2500 TULARE STREET<br>FRESNO, CA |

TO THE DEBTORS JAMES EDWARD ABBOTT AND YOLANDA CATHERINE ABBOTT, THE CHAPTER 7 TRUSTEE AND ALL OTHER INTERESTED PARTIES:

LITTON LOAN SERVICING, LP AS SERVICING AGENT FOR HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE, UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF AUGUST 1, 2006, ACE SECURITIES CORP. HOME EQUITY TRUST, SERIES 2006-FMI, ASSET-BACKED PASS-THROUGH CERTIFICATES ("Movant") moves this Court for an Order

granting Movant relief from the automatic stay to exercise its remedies under its secured interests and non-bankruptcy law, including but not limited to foreclosure upon and sale of the interests of Debtors and Beth Maxwell Stratton, Chapter 7 Trustee, in certain real property as set forth herein.  Movant alleges:

This Court has jurisdiction over this matter pursuant to 11 U.S.C. §361 and §362 and Federal Rules of Bankruptcy Procedure 4001, 9013 and 9014, and Local Bankruptcy Rules for the Eastern District, Rule 4001-1.  This is a core proceeding under 28 U.S.C. 157 (b) (2).

This motion is based upon all of the documents, records and evidence on file in the instant case together with the Notice of Motion, this Motion, and the Declaration of Juanita Johnson filed and served concurrently herewith, and such additional documents, records, evidence and argument of counsel as may be presented.

Movant is the holder of a note payable by the Debtor in the original principal amount of $263,934.00 (the "Note") secured by a deed of trust (the "Deed of Trust") encumbering the real property commonly known as 3026 South Maple Street, Visalia, CA 93292 and legally described herein in the Deed of Trust (the "Property").

Debtor filed the instant Bankruptcy under Chapter 7 of the United States Bankruptcy Code on or about May 5, 2010.

The Debtor is delinquent with the contractual payments due to Movant for the months of December 2009 through May 2010, and each successive month thereafter.  As of May 14, 2010, the total indebtedness under the Note and Deed of Trust was $272,381.22.

One copy of the Relief from Stay Information Sheet as to the extent of liens and encumbrances against the Property is filed herewith as a separate document in accordance with Local Rule 4001-1(c).

Movant alleges that its interest in the Property is not adequately protected, that cause exists in that Movant is not receiving its regular monthly payments, there is no equity in the Property and the Property is not necessary for an effective reorganization.

Movant is also entitled to attorney's fees and costs under the Note and Deed of Trust or alternatively under 11 U.S.C. § 506(b) and such other relief as the Court deems just and proper. This demand is based on the instant Motion for Relief from Automatic Stay and the following Declaration of Juanita Johnson.

WHEREFORE, Movant prays this Court issue an Order:

A. Terminating the automatic stay to permit Movant, its successors and/or assigns, to exercise its lawful remedies under its security instruments and non-bankruptcy law, including but not limited to foreclosure upon and sale of the Property; and

B. That upon foreclosure, in the event the Debtor fails to vacate the real property, to permit Movant to proceed with all lawful remedies available in state court including but not limited to the right to possession thereof and unlawful detainer action;

C. In the event this Chapter 7 proceeding is converted to another Chapter, the order be deemed binding and of full force and effect in any such converted proceeding as to the parties herein; and

1  D. That the 14-day waiting period prescribed by Federal Rules of Bankruptcy Procedure, Rule 4001 (a)(3) be waived.

E. Movant specifically requests permission from this Honorable Court to communicate with the Debtors and Debtors' counsel to the extent necessary to comply with applicable nonbankruptcy law.

F. Movant shall be granted such other and further relief as this Court deems just and proper.

THE ESTLE LAW FIRM

DATED: May 22, 2010      By: /s/ Mark D. Estle
MARK D. ESTLE, Attorney for Movant LITTON LOAN SERVICING, LP AS SERVICING AGENT FOR HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE, UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF AUGUST 1, 2006, ACE SECURITIES CORP. HOME EQUITY TRUST, SERIES 2006-FM1, ASSET-BACKED PASS-THROUGH CERTIFICATES